IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA HOLMES,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF WILMINGTON, WILMINGTON POLICE DETECTIVE KIMBERLY PFAFF, WILMINGTON POLICE DETECTIVE RANDY HOWELL AND POLICE MEMBERS JOHN DOE NUMBERS ONE THROUGH TEN, BADGE NUMBERS UNKNOWN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 13-842-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

At Wilmington this 24th day of April, 2015, having reviewed defendants' motion for certification and plaintiff's response to the order to show cause, as well as the papers submitted in connection therewith; the court will deny defendants' motion and enter an order scheduling a Fed. R. Civ. P. 16 teleconference, based on the following reasoning:

1. On February 4, 2015, in response to defendants' motion to dismiss, the court issued a memorandum and order granting in part and denying in part said motion. (D.I. 21, 22) On February 11, 2015, defendants filed a request for certification of direct appeal pursuant to 28 U.S.C. § 1292(b). Defendants argue that the question at issue[1] meets all three of the criteria set forth in 28 U.S.C. § 1292(b). (D.I. 23)

---

[1] Whether plaintiff's claim for malicious prosecution on behalf of Medford Holmes pursuant to 42 U.S.C. § 1983 survives Holmes' death.

2. When a district court dismisses one cause of action but other causes of action remain pending, the non-prevailing party may pursue an interlocutory appeal only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 365 (3d Cir.2011); *see also* 28 U.S.C. § 1292(b). The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Even when all three statutory criteria are satisfied, the district court maintains unfettered discretion to deny certification. *See In re SemCrude*, LP., 407 B.R. 553, 557 (D. Del. 2009); *accord Barrios v. Suburban Disposal, Inc.*, 2014 WL 3058516 (D. N.J. July 7, 2014).

3. Any appeal under 28 U.S.C. § 1292(b) represents a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation. *United States v. Hollywood Motor CatCo.*, 458 U.S. 263, 265 (1982); *Sporck v. Peil*, 759 F.2d 312, 315 n. 4 (3d Cir. 1985). Ultimately, "entertaining an interlocutory appeal under § 1292 (b) is appropriate only when the party seeking leave to appeal 'establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept.26, 2011) (citations omitted).

4. The court finds that defendants have failed to satisfy all three elements

2

required for interlocutory appeal under 28 U.S.C. § 1292(b). Specifically, the court finds that defendants have not demonstrated that an immediate appeal from the order may materially advance the ultimate termination of the litigation. In its February 4, 2015 memorandum opinion, the court granted defendants' motion to dismiss all of plaintiff's claims except: (1) procedural due process under 42 U.S.C. § 1983; (2) malicious prosecution brought pursuant to 42 U.S.C. § 1983; (3) false arrest and false imprisonment under 42 U.S.C. § 1983; (4) municipal liability against the City of Wilmington;[2] and (5) state law claims. Contrary to defendants' arguments, interlocutory review of the malicious prosecution issue would do nothing to advance the termination of the litigation as four remaining causes of action would be on hold awaiting a decision. Moreover, were the Third Circuit to decide that the malicious prosecution claim does not survive death, the litigation would continue on the four remaining claims. The court need not continue its analysis of the other § 1292(b) elements because "all three requirements [of the statute] must be satisfied for a court to certify an issue for an appeal. *Royal Ins. Co. of America v. K.S.I. Trading Corp.*, 2006 WL 1722358 (D. N.J. June 19, 2006).

5. In response to the order to show cause, plaintiff avers that amendment is not possible at this time because a reasonable opportunity to conduct discovery is needed to reveal additional factual information. (D.I. 25) Defendants urge dismissal of the

---

[2]Considering that defendants did not specifically move to dismiss this claim, the court did not conduct a Fed. R. Civ. P. 12(b)(6) analysis. Although defendants' contend (in a post-motion to dismiss submission) that there is no individual officer or other government actor upon which municipal liability can attach, the record reflects that plaintiff has named John Doe defendant officers numbers one through ten whose identites may be revealed during discovery.

3

complaint, arguing that plaintiff is unable to meet the pleading standards required under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (D.I. 26) The court concludes that plaintiff's response to the order to show is cause is sufficient to enable the case to proceed to the discovery process, without amendment at this time. *See generally Thomas v. Adams*, __ F. Supp.3d __, 2014 WL 5343300, at *8 - 16 (D. N.J. October 24, 2014) (court examines the pleading requirements and interplay among *Conley*,[3] *Twombly*, *Iqbal* and Fed. R. Civ. P. 8(a)). An order will issue.

                                                                                                                      _____
                                                                                                                      United States District Judge

---

[3] *Conley v. Gibson*, 355 U.S. 41 (1957).