IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA HOLMES,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WILMINGTON, Wilmington Police Detective KIMBERLY PFAFF, Wilmington Police Detective RANDY HOWELL, and Police Members JOHN DOE Numbers One Through Ten, Badge Numbers Unknown,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civ. No. 13-842-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Derek C. Abbott, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: L. Kenneth Chotiner, Esquire of The Chotiner Firm, Philadelphia, Pennsylvania.

Sarah A. Fruehauf, Esquire of City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendants.

Dated: April 19, 2017
Wilmington, Delaware

ROBINSON, Senior District Judge

## I. INTRODUCTION

On May 13, 2013, Medford Holmes ("Holmes") filed a complaint against defendants City of Wilmington (the "City"), police detective Kimberly Pfaff ("Pfaff"), police detective Randy Nowell ("Nowell"), and John Doe numbers 1 through 10 (collectively, the "defendants") asserting various federal civil rights and state law tort claims. (D.I. 1) After Holmes death, the court granted a motion to substitute Patricia Holmes, the personal representative of Holmes' estate, as plaintiff in this case (the "plaintiff"). (D.I. 15) Currently pending before the court is defendants' motion for summary judgment. (D.I. 47) The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the reasons discussed below, the defendants' motion for summary judgment is granted in part and denied in part.

## II. BACKGROUND

In May 2011, Holmes was arrested on charges of First Degree Murder. (D.I. 48 at 2) Three witnesses were presented at Holmes criminal trial in September 2011. (*Id.* at 4) Two witnesses were unable to identify Holmes and a third witness was not asked to make an identification. (*Id.*) After the trial ended in a mistrial, the prosecuting attorney decided to nolle prosequi the charges. (*Id.* at 5)

The complaint alleges that defendants deprived Holmes of:

> [his] right to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment, malicious prosecution, verbal abuse, to be secure in ones' [sic] person and property, and to due process [both procedural and substantive] and equal protection of law ... under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Sixth, and Fourteenth Amendments thereof, and 42 U.S.C. §§ 1983 and 1985.

(D.I. 1 ¶ 39) Holmes asserted a separate claim against the City for municipal liability under 42 U.S.C. § 1983, often referred to as a *Monell* claim. (*Id.* at ¶¶ 41-42) The complaint further claimed that defendants were "acting in concert and conspiracy" to deprive Holmes of these rights. (*Id.* at ¶ 45) Lastly, Holmes alleged that defendants committed the Delaware common law torts of "assault and battery, false imprisonment, intentional infliction of emotional distress, interference with state constitutional rights, [simple] negligence, gross negligence, and negligent hiring, training, retention and supervision." (*Id.* at ¶ 45)

In briefing on a previous motion to dismiss, Holmes asked the court to dismiss his claims for equal protection, verbal abuse, conspiracy, all state law claims against the City, and state law claims against the individual defendants for intentional infliction of emotional distress and simple negligence. (D.I. 19 at 1 n. 1) The court obliged Holmes on this request. (D.I. 21 at 8 n. 9; D.I. 22) Separately, the court dismissed the excessive force and substantive due process claims for failure to state a claim as a matter of law. (D.I. 21 at ¶¶ 28 & 36; D.I. 22) The court also found that the complaint failed to allege facts sufficient to state a claim under *Twombly* for procedural due process and false arrest/false imprisonment. (D.I. 21 ¶¶ 34, 39) Neither the memorandum nor the order explicitly stated that the procedural due process and false arrest/false imprisonment claims were being dismissed, but the memorandum clearly stated that plaintiff had leave to cure the pleading deficiencies, and the order gave plaintiff until March 4, 2015 to file an amended complaint. (D.I. 21 at ¶¶ 34 & 39; D.I. 22) Plaintiff did not file an amended complaint by that date. Accordingly, the claims for

2

procedural due process and false arrest/false imprisonment are hereby dismissed with prejudice for failure to state a claim.

In briefing on the instant motion, plaintiff has asked the court to dismiss the *Monell* claims against the City and all claims against the John Doe Defendants. (D.I. 56 at 2) As a result of all these procedural developments, the following claims remain subject to defendants' motion for summary judgment: a malicious prosecution claim, a § 1983 Fourth Amendment claim, and claims against Pffaff and Nowell for the Delaware common law torts of assault and battery, false imprisonment, interference with state constitutional rights, and gross negligence.

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 475, 586 n. 10 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must support the assertion either by citing to "particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 415 U.S. at 587 (internal quotation marks omitted). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility

3

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Podohnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating that entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## IV. DISCUSSION

For the reasons explained below, the court will grant defendants' motion on the malicious prosecution claim, deny summary judgment on the § 1983 Fourth Amendment claim, and grant summary judgment on the remaining state law claims asserted against the officer defendants.

### A. Malicious Prosecution Claim

In order to prove a claim for malicious prosecution, plaintiff must show that "(1) the defendants initiated a criminal proceeding, (2) the criminal proceeding ended in the

4

plaintiff's favor, (3) the proceeding was initiated without probable cause, (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009). On the previous motion to dismiss, the court warned plaintiff that the complaint failed to allege facts sufficient to support an element of the malicious prosecution claim, namely that the criminal proceeding ended in plaintiff's favor. (D.I. 21 at ¶ 31) As the court explained, "a nolle prosequi satisfies the favorable termination requirement only if the record indicates the reason for the entry of the nolle prosequi." (*Id.* at ¶ 32) More specifically, for a nolle prosequi to be a "favorable termination," the court must find that the charges were dismissed due to indications that the accused was actually innocent. *Donahue v. Gavin*, 280 F.3d 371, 383-84 (3d Cir. 2002). Plaintiff's complaint was silent as to why the nolle prosequi was entered and plaintiff did not amend the complaint to cure that defect. (D.I. 1)

The only evidence of why the State decided to nolle prosequi the charges against Holmes is the criminal docket which states "3/15/2013 – nolle prosequi filed by attorney general - reason: (14) credibility of witnesses." (D.I. 50 at A-531). The reason given by the State does not establish that the charges were dismissed because Holmes was innocent. Indeed, the Third Circuit has stated that a prosecutor's decision to dismiss charges due to lack of evidence to meet burden of proof after witness identifications were suppressed does not satisfy the favorable termination element of a malicious prosecution claim. *See Woodyard v. Cty. of Essex*, 2013 WL 791634, at *5 n. 2 (3rd Cir. Mar. 5, 2013). Plaintiff has other theories as to why the State thought the evidence

5

was insufficient to proceed, but they are based on nothing more than speculation, which is not enough to raise a genuine issue of material fact. *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."). Accordingly, defendants' motion for summary judgment in their favor on the malicious prosecution claim is granted.

### B. § 1983 Fourth Amendment Claim

Defendants argued that the officer defendants are entitled to qualified immunity on plaintiffs § 1983 Fourth and Fourteenth Amendment claims. (D.I. 48) For the reasons explained above, the court has dismissed the Fourteenth Amendment claim for failure to amend the complaint to satisfy the pleading standards under *Twombly*, thereby leaving only the Fourth Amendment claim subject to defendants' qualified immunity argument. Defendants' brief did not squarely address whether Pfaff and Nowell are subject to qualified immunity against the § 1983 Fourth Amendment claim, having focused instead exclusively on the § 1983 Fourteenth Amendment claim. Accordingly, defendants motion for summary judgment on the § 1983 Fourth Amendment claim is denied.

### C. State Law Claims

Defendants have moved for summary judgment on any remaining state law claims asserted against Pfaff and Nowell, arguing that those claims are barred by the Municipal Tort Claims Act. (D.I. 48 at 19-20) Plaintiff did not respond to this argument at all. (D.I. 56) Accordingly, the court will grant defendants' motion for summary judgment on the state law claims against the officer defendants.

6

## V. CONCLUSION

For the foregoing reasons, plaintiff's claims for procedural due process and false arrest/false imprisonment are dismissed with prejudice for failure to state a claim. The court grants defendants' motion for summary judgment on plaintiff's malicious prosecution claim and remaining state law claims, and denies summary judgment on the § 1983 Fourth Amendment claim.