# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| PATRICIA HOLMES | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 13-842 |
| KIMBERLY PFAFF, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                July 11, 2017

A person filing a lawsuit must define and describe their claim in a pleading. The pleading must contain a short and plain statement of the claim showing a right to relief. The Court and defendants cannot proceed to trial on unplead claims. We liberally allow parties to amend their pleading to ensure a valid claim or defense is resolved. When a party neither pleads the claim she later wants to try nor asks for amendment after the Court has provided many opportunities to do so because these steps are "unnecessary", and otherwise fails to show good cause for not diligently following the Court's multiple scheduling orders allowing her more time to plead a new claim, we are left with no option but to dismiss her case as all plead claims are dismissed and an alleged remaining claim is not plead and to the proposed amendment is futile. In the accompanying Order, we dismiss this case with prejudice.

## I.     Relevant procedural history

The late Medford Holmes[1] sued the City and various City law enforcement officials for claims arising from his pretrial detention under 42 U.S.C. § 1983.[2] Although Mr. Holmes sued under many different Fourth Amendment theories including false arrest/imprisonment and malicious prosecution, he admits the Complaint does not include facts supporting a Fourth

Amendment claim based on false statements/omissions in an affidavit for probable cause for an arrest warrant.

### A. Defendants moved to dismiss but the parties did not brief the issue of a claim predicated on false statements or omissions in an affidavit of probable cause.

Although Defendants did not initially move to dismiss the false arrest/imprisonment claims, in their Reply they argued these claims (and the malicious prosecution claim) were barred because Mr. Holmes' grand jury indictment conclusively established probable cause.[3] Holmes argued the grand jury indictment could not demonstrate probable cause because Defendants procured the indictment by fraud, perjury or other corrupt means.[4] The parties did not brief the issue of fraud in an affidavit of probable cause.

In her February 4, 2015 Memorandum, Judge Robinson found Mr. Holmes did not plead sufficient facts to show fraud before the grand jury because Holmes did not identify which witnesses perjured themselves.[5] In the accompanying Order, Judge Robinson granted Holmes leave to file an Amended Complaint to cure pleading defects on or before March 4, 2015.[6]

Holmes did not file an Amended Complaint. On March 23, 2015, Judge Robinson issued an order to show cause why the action should not be dismissed for failing to file an Amended Complaint.[7] Mr. Holmes responded, "Plaintiff is presenting claims against the defendants for malicious prosecution, procedural due process, false arrest and false imprisonment."[8] Mr. Holmes complained the facts he needed to prove his claims—such as the grand jury transcript and investigative materials—are only available through discovery.[9] Judge Robinson found Holmes' response "sufficient to enable the case to proceed to the discovery process, without amendment at this time."[10]

### B. Judge Robinson set deadlines for amending pleadings and completing discovery.

On July 20, 2015, Judge Robinson entered a Scheduling Order requiring "Amended Pleadings [are] due by 8/30/2015" and "Discovery [is] due by 1/30/2016."[11] Holmes did not file an amended pleading at any point after the July 20, 2015 Scheduling Order.

On January 22, 2016, Defendants moved to extend the discovery deadline.[12] Judge Robinson granted the motion, extending the discovery deadline to February 23, 2016.[13]

### C. Defendants moved for summary judgment, arguing no evidence an affiant made false statements or omissions in seeking an arrest warrant.

Defendants timely moved for summary judgment, arguing the unchallenged arrest warrant established probable cause, precluding Holmes' claims for false arrest, false imprisonment, and malicious prosecution.[14] Defendants addressed case law providing a warrant is presumptively valid unless the affiant knowingly, deliberately, or with reckless disregard for the truth, made false statements or omissions creating a falsehood, and the statements/omissions were material to the finding of probable cause.[15]

Defendants argued Holmes neither alleged nor provided evidence demonstrating the affiant falsified the warrant application: "In this case, Plaintiff has not alleged the warrant affiant . . . falsified any of the information contained in the affidavit of probable cause, nor is there any evidence in the record to support such an allegation."[16] Holmes responded the evidence demonstrated Defendants "knowingly and deliberately, or with reckless disregard for the truth, made false statements and omissions when they applied for the warrant to arrest Mr. Holmes."[17] Holmes did not respond to Defendants' argument Holmes never alleged the warrant affiant falsified information.

3

On April 19, 2017, Judge Robinson denied summary judgment in part on Holmes' "§ 1983 Fourth Amendment Claim" because "Defendants' brief did not squarely address whether [the City detectives] are subject to qualified immunity" for this claim.[18] Judge Robinson dismissed Holmes' §1983 malicious prosecution claim because Holmes failed to demonstrate a genuine issue of material fact as to whether the criminal proceedings terminated in Mr. Holmes' favor, explaining Mr. Holmes' *nolle prosequi* and the prosecutor's accompanying explanation—"credibility of witnesses"—did not demonstrate the prosecutor dismissed the charges due to his innocence.[19] The only remaining claim following Judge Robinson's summary judgment decision is Holmes' "§ 1983 Fourth Amendment claim."

### D. In May 2017, we ordered briefing on any remaining §1983 Fourth Amendment claim.

Following reassignment[20] and upon recognizing Judge Robinson dismissed Holmes' Fourth Amendment claims based on theories of excessive force, malicious prosecution, false arrest, and false imprisonment, we ordered Holmes "to define any remaining viable Fourth Amendment claim."[21] In response, Holmes identified an "unlawful seizure" claim based on the City detectives' materially false statements and omissions in an arrest warrant application.[22]

On June 20, 2017, we held a status call in which we discussed Holmes' unlawful seizure claim.[23] We asked Holmes' counsel to identify factual allegations in the Complaint supporting this claim, and counsel admitted there were none. Rather than dismissing Holmes' lawsuit outright for lack of any remaining pleaded claims, we ordered Holmes to file a memorandum explaining why she would have good cause under Federal Rule of Civil Procedure 16(b)(4) to file an Amended Complaint asserting a claim under her admittedly unpled Fourth Amendment theory.[24]

4

## II. Analysis

We dismiss Holmes' Complaint because she fails to demonstrate good cause to seek leave to amend. Even if Holmes had timely or diligently moved to amend, the "unlawful seizure" claim Holmes presses would have been futile.

### A. Holmes does not demonstrate good cause under Rule 16(b)(4).

A party seeking leave to amend a pleading after the date set in a scheduling order must demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4),[25] which provides "[a] schedule may be modified only for good cause and with the judge's consent."[26] "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party."[27] "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."[28]

Courts find good cause where the party seeks leave to amend soon after it learns of the factual basis warranting amendment.[29] For example, in *Roquette Freres*, the court found good cause where the plaintiff filed its motion to amend within one month of learning information forming the basis of the motion through discovery.[30] Similarly, in *SunPower Corporation v. PaneClaw, Inc.*, the court found good cause for the defendant to amend its Answer where the plaintiff produced the pertinent discovery approximately one month before the amendment deadline and the defendant moved to amend just over two weeks after the deadline, recognizing "Defendant had to review those new documents, prepare its supplemented amended answer, and draft its motion to supplement."[31]

Holmes does not demonstrate she acted with diligence. Judge Robinson set the deadline for amending pleadings on August 30, 2015. Judge Robinson extended the discovery deadline

5

from January 30, 2016 to February 23, 2016. Holmes admits she "could have sought leave to amend after discovery was complete," but she declined to do so because "it appeared that such Amendment was not necessary as Defendants were on notice of the claims and the factual basis thereof as demonstrated by their Motion for Summary Judgment."[32] But the good cause analysis focuses not on the prejudice to Defendants, but on the diligence of Holmes. Given Holmes' admitted lack of diligence, she fails to demonstrate she could not have reasonably sought leave to amend in a timely manner.

### B. Amendment would be futile.

Holmes fails to demonstrate amendment would not be futile. We may deny leave to amend if amendment would be futile, which means the Complaint, "as amended, would fail to state a claim upon which relief could be granted."[33]

Despite Holmes characterization of the Fourth Amendment claim as an "unlawful seizure" claim, this claim is a malicious prosecution claim. Both malicious prosecution and false arrest/imprisonment claims are remedies for unconstitutional detentions. While a false arrest/imprisonment claim remedies a detention "without legal process" (such as an arrest warrant), a malicious prosecution claim remedies an unlawful detention "accompanied, not by absence of legal process, but by *wrongful institution* of legal process."[34] Holmes' claim is predicated upon false statements and omissions in an affidavit of probable cause resulting in an unlawfully acquired arrest warrant, which is a form of legal process. We accordingly find Holmes "unlawful seizure" claim is a malicious prosecution claim based on false statements and omissions in an affidavit of probable cause.

As Judge Robinson explained, a successfully malicious prosecution claim requires proof the criminal proceeding end in Mr. Holmes' favor.[35] Mr. Holmes' criminal proceedings ended as

6

a result of a *nolle prosequi* of his charges. Our court of appeals instructs "[a] *nol pros* signifies termination of charges in favor of the accused 'only when their final disposition is such as to indicate the innocence of the accused.'"[36] Judge Robinson dismissed Holmes' §1983 malicious prosecution claim because Holmes failed to demonstrate the prosecutor's *nolle prosequi* dismissal of the charges for "credibility of witnesses" showed Holmes' innocence.

We agree. A *nolle prosequi* dismissal for "credibility of witnesses" does not indicate innocence, but instead demonstrates the prosecutor's belief the witnesses lack the requisite credibility to acquire a conviction. Because Holmes' newly asserted malicious prosecution claim could not have satisfied the favorable termination requirement, we deny Holmes leave to amend for futility.

### III. Conclusion

We hesitate to dismiss Ms. Holmes' case because she never plead her current claim. But Judge Robinson provided her many opportunities to diligently pursue an amendment. For unknown reasons, she declined to do so. She now claims amending pleadings is unnecessary. We disagree. Ms. Holmes does not show good cause for never timely moving to amend. Even if we found good cause, her unplead claim is futile. In the accompanying Order, we dismiss Holmes' Complaint with prejudice because Holmes cannot demonstrate good cause or lack of futility.

---

[1] Medford Holmes' personal representative, Patricia Holmes, replaced Mr. Holmes. ECF Doc. No. 16.

[2] ECF Doc. No. 1, at pp. 6–7. Count I includes §1983 claims under a litany of different theories in one run-on sentence: "right to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment, malicious prosecution, verbal abuse, to be secure in ones' person and property, and to due process and equal protection of law." *Id.* ¶ 39.

[3] ECF Doc. No. 11, at p. 6.

7

[4] ECF Doc. No, 10, at p. 15.

[5] ECF Doc. No. 21, ¶ 39.

[6] ECF Doc. No. 22.

[7] ECF Doc. No. 24.

[8] ECF Doc. No. 25, at p. 2.

[9] *Id.*

[10] ECF Doc. No. 27, ¶ 5.

[11] July 20, 2015 Text Order.

[12] ECF Doc. No. 37.

[13] January 27, 2016 Text Order.

[14] ECF Doc. No. 48 at pp. 12, 17–18.

[15] ECF Doc. No. 48, at p. 17.

[16] *Id.*

[17] ECF Doc. No. 56, at p. 15.

[18] ECF Doc. No. 61, at p. 6.

[19] *Id.*

[20] ECF Doc. No. 64.

[21] ECF Doc. No. 65.

[22] ECF Doc. No. 68, at p. 2.

[23] ECF Doc. No. 72.

[24] *Id.*

[25] *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (citing *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)).

[26] Fed. R. Civ. P. 16(b)(4).

[27] *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577–78 (D. Del. 2009) (quoting *Roquette Freres v. SPI Pharma, Inc.*, No. 06–540, 2009 WL 1444835, at *4 (D. Del. May 21, 2009)).

[28] *Cornell Univ. v. Illumina, Inc.*, No. 10-433, 2016 WL 3046258, at *4 (D. Del. May 27, 2016) (citation omitted).

[29] *See, e.g., Roquette Freres*, 2009 WL 1444835, at *6.

[30] *Id.*

[31] *SunPower Corp. v. PaneClaw, Inc.*, No. 12-1633, 2016 WL 5107029, at *21 (D. Del. Sept. 19, 2016).

[32] ECF Doc. No. 74, at pp. 6–7.

[33] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted).

[34] *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007) (italics omitted).

[35] *See Donahue v. Gavin*, 280 F.3d 371, 379 (3d Cir. 2002).

[36] *Id.* at 383 (citation and italics omitted).